**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

———————————————————

No. 98-11199

———————————————————

Michael Anthony Truman,
Petitioner-Appellant,

v.

Gary L. Johnson, Director
Texas Department of Criminal Justice
Institutional Division,
Defendant-Appellant.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas

———————————————————
March 3, 2000


Before REYNALDO G. GARZA, JONES, and EMILIO M. GARZA, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:


FACTUAL AND PROCEDURAL HISTORY

On October 23, 1990, Michael Anthony Truman, the petitioner, was arrested in possession of a large quantity of marijuana. The Texas Comptroller of Public Accounts assessed a marijuana and controlled substance tax of $114,408 against Truman based on his possession of the marijuana and, on January 16, 1991, the comptroller's office executed a levy against Truman's credit union account and collected $49.94, the balance in the account.

On October 28, 1992, a jury convicted Truman of aggravated possession of marijuana, illegal investment, and possession of marijuana without a tax stamp. Truman received a twenty-year sentence and a $1.00 fine for the possession conviction; a twenty-year sentence and a $50,000 fine for the illegal investment conviction; and a two-year sentence and a $1.00 fine for the tax stamp conviction. The sentences were imposed concurrently. Truman's convictions and sentences were affirmed on direct appeal and the Texas Court of Criminal Appeals denied his

petition for discretionary review.

Truman filed state habeas petitions challenging all three convictions on the grounds: 1) that the assessment of the controlled substance tax and the civil forfeiture of an automobile caused his convictions to violate principles of double jeopardy, and 2) that his attorney had been ineffective for failing to raise the double jeopardy issue at trial and on direct appeal. The Court of Criminal Appeals denied the petition without written order.

Truman then filed a federal habeas petition in which he argued that his convictions were barred on grounds of double jeopardy because he had paid $49.95 of the assessed marijuana tax and because his automobile had been forfeited, and that his attorney had been ineffective for failing to challenge the convictions on grounds of double jeopardy.

The district court determined that the assessment and partial payment of the drug tax and the forfeiture of his automobile did not bar Truman's convictions under principles of double jeopardy and denied him §2254 relief.[1]

STANDARD OF REVIEW

Truman's petition for habeas corpus relief is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). The AEDPA provides that a state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on a unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d) (1996). At issue here is §2254 (d) (1), which has been interpreted as requiring that "reasonable jurists considering the question would be of one view that the state court ruling was incorrect." *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996).

---

[1] The district court did not address respondent's assertion of procedural default or his argument under *Teague v. Lane*, 489 U.S. 288 (1989).

The district court's factual findings are reviewed for clear error, but questions of law are decided *de novo*. *See Earhart v. Johnson*, 132 F.3d 1062, 1065 (5th Cir. 1998) (citation omitted), cert. denied, __ U.S. __, 119 S.Ct. 344 (1998).

DISCUSSION

With his appellate brief, Truman filed a "Motion to Declare the Texas Drug Tax Statute Unconstitutional." Because Truman did not seek review of the constitutionality of the Texas drug tax statute in the district court, this court lacks jurisdiction to consider the motion. *See* 28 U.S.C. §1291.

Truman argues that *Department of Revenue of Mont. v. Kurth Ranch*, 511 U.S. 767 (1994), dictates that his convictions violate principles of double jeopardy because the assessment of the controlled substance tax and/or the levy against his credit union account constituted punishment within the meaning of the Double Jeopardy Clause.

The respondent argues that *Teague v. Lane*, 489 U.S. 288 (1989), bars this court from considering the merits of Truman's argument because *Kurth Ranch*, which was decided after Truman's conviction became final, enunciated a new rule of constitutional law.

Federal habeas relief may not be granted based on new rules of constitutional law, unless the rule would place certain primary conduct beyond the government's power to proscribe or establish a bedrock rule of criminal procedure necessary to ensure a fundamentally fair trial. *See Teague v. Lane*, 489 U.S. at 310, 312. The *Teague* holding was motivated by concerns for comity and finality of convictions. See *Teague*, 489 U.S. at 308. Under Teague, a new rule is one that was not dictated by precedent existing at the time the defendant's conviction became final. *See id.* at 301; *Mann v. Scott*, 41 F.3d 968, 976 (5th Cir. 1994). If the outcome of the case is "susceptible to debate among reasonable minds," then the decision is not dictated by precedent. *Lucas v. Johnson*, 132 F.3d 1069, 1080 n. 7 (5th Cir. 1998) (*quoting Butler v. McKellar*, 494, U.S. 407, 415 (1990)); *see also Felder v. Johnson*, 180 F.3d 206, 210 (5th Cir. 1999).

The fact that the Court divided 5-4 in *Kurth Ranch* suggests that the outcome of the case

was susceptible to debate among reasonable minds.  Moreover, Justice Rehnquist characterized *Kurth Ranch* as "drastically alter[ing] existing law" and pointed out that the Court had never previously "subjected a tax statute to double jeopardy analysis."  *Kurth Ranch*, 511 U.S. at 785 (Rehnquist, J., dissenting).[2]

Given the expansive definition of a new constitutional rule, *Teague* bars this Court from considering the merits of Truman's argument.  *Kurth Ranch* does not seem to be dictated by the precedent available at the time Truman's conviction became final.  In the interests of finality and comity, *Kurth Ranch* should be considered a new rule that bars this Court from considering the merits of Truman's claim.

## CONCLUSION

Because *Kurth Ranch* announced a new constitutional rule, *Teague* bars this Court from considering this case, and it is thereby DISMISSED.

---

[2] In a different context, the Court has stated that "nothing in *Halper*, *Kurth Ranch*, or *Austin* purported to replace our traditional understanding that civil forfeiture does not constitute punishment for the purpose of the Double Jeopardy Clause."  *United Stated v. Ursery*, 518 U.S. 267, 287 (1996).  The fact that the Court adhered to its traditional understanding in regard to civil forfeiture does not, however, compel the conclusion that *Kurth Ranch* did not change the traditional understanding in regard to taxes.  And the fact that Justice Rehnquist wrote *Ursery* indicates that it should not be read to suggest that *Kurth Ranch* did not announce a new constitutional rule.